# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY SLEDGE,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>P. COVELLO, et al.,<br><br>　　　　　Defendants. | CASE No. 1:13-cv-01826-DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WAIVE PARTIAL FILING FEE<br><br>ORDER STRIKING PLAINTIFF'S ADDENDUM TO COMPALINT<br><br>(ECF Nos. 16 & 17) |

Plaintiff Tony Sledge ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on September 9, 2013. (ECF No. 1.) On November 21, 2013, Plaintiff filed a motion requesting that the Court waive his partial filing fee. (ECF No. 16.) The Court previously granted Plaintiff's motion to proceed in forma pauperis on October 22, 2013. (ECF No. 9.) Pursuant to the provisions of 28 U.S.C. § 1915, Plaintiff is only obligated to pay the filing fee as funds become available in his account. Thus, Plaintiff's indigent status does not preclude him from pursing his claims, and the Court denies his motion to waive the filing fee.

Plaintiff also filed an addendum to his complaint on November 21, 2013. (ECF No. & 17.) It is clear from Plaintiff's filing that he intends only to supplement his complaint rather than amend it. Complaints must be complete in themselves and therefore the Court will not permit addendums. Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged

in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis W., Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

Plaintiff is further advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). As Plaintiff's case is not the only case under consideration by the court and because cases are screened in the order in which they are filed, absent good cause, the Court will screen cases in that order and will continue to strive to avoid delays whenever possible.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to waive the partial filing fee, filed November 21, 2013 is DENIED; and

2. Plaintiff's addendum to the complaint, filed November 21, 2013, is STRIKEN from the record.

IT IS SO ORDERED.

Dated: **November 27, 2013**                    /s/ Dennis L. Beck
                                                              UNITED STATES MAGISTRATE JUDGE

2