# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY SLEDGE, | Case No. 1:13-cv-01826 LJO DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| LT. P. COVELLO, et al., | |
| Defendants. | |

Plaintiff Tony Sledge ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 26, 2013, in the United States District Court for the Southern District of California. He names Institution Gang Investigator ("IGI") Lt. P. Covello, and Assistant Institution Gang Investigators ("AIGI") T. Turmezei and M. Smith as Defendants.

On October 7, 2013, the Southern District found venue improper in the Southern District and transferred the case to the Central District. On November 7, 2013, the Central District determined that venue was improper in the Central District and transferred the case to the Eastern District. In its ruling, the Central District noted that Plaintiff alleged claims against Defendants Covello and Smith of Ironwood State Prison ("ISP") in Riverside County, and Defendant Turmezei of California Correctional Institution ("CCI") in Kern County. The events at issue occurred on May 7, 2008, July

1

23, 2009, and May 16, 2012.  The Central District determined that the claims involving the May 7, 2008, and July 23, 2009, events were time-barred.  [ECF No. 13.]   Insofar as the only remaining claims concerned the event on May 16, 2012, in Kern County involving Defendant Turmezei, the matter was transferred to the Eastern District.

**A.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim

for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS[1]**

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi, California, which is where the event at issue took place.

Plaintiff alleges the following.  On May 16, 2012, Plaintiff was served with a gang validation packet concerning Plaintiff's validation as an associate of the Black Guerrilla Family ("BGF"). Plaintiff contends the packet was authored by Defendant Turmezei and contained false and fabricated allegations.  The AIGI pulled Plaintiff out of his cell and stated, "We guess you beat the last one (validation) and we were ordered to serve you a new one."  Plaintiff advised the AIGI that the Director was still reviewing his appeal and he would rather wait for that decision before proceeding.  AIGI Ortega stated, "Turmezei is the author of them ("points") all, we were just ordered to serve them and collect your rebuttal."  Plaintiff states the source items used were authored by Defendant Turmezei and were false.

On May 18, 2012, the IGI returned to collect Plaintiff's rebuttal to the gang validation packet.

On June 30, 2012, the appeal was partially granted at the Third Level of Review.  According to Plaintiff's exhibits, the appeal was remanded to the institution for further review of Plaintiff's gang validation.  Pl.'s Compl., Ex. C2.  Specifically, it was determined that further research was necessary in order to substantiate the direct link used in his gang validation.

On July 19, 2012, Lt. Tyree advised Plaintiff, "We were gonna revalidate you, but decided to just put you up for active-in-active review instead."  According to Plaintiff's exhibits, it appears his August 28, 2008, validation was updated with additional information whereupon Plaintiff's validation as an associate of the BGF was continued.  Pl.'s Compl. Ex. C3.

Plaintiff seeks expungement of all documents in support of validation from his C-file and

---

[1] This summary of allegations only includes the event of May 16, 2012, since the claims concerning the previous events were determined by the Central District Court to be time-barred.

3

notification to all government agencies concerned; he seeks restoration of all behavior credits; he asks that he be released from SHU custody immediately; and he seeks an award of punitive damages in excess of a million dollars, plus compensation.

## C. DISCUSSION

### 1. Gang Validation – Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Id. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). If a protected interest is identified, the inquiry then turns to what process is due. Wilkinson, 545 U.S. at 224.

The assignment of validated gang members and associates to the Security Housing Unit is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), *abrogated in part on other grounds by* Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1995)). In addition to these minimal protections, there must be "some evidence" bearing "some indicia of reliability" supporting the decision. Castro v. Terhune, 712 F.3d 1304, 1314 (9th Cir. 2013) (citing

4

Superintendent v. Hill, 472 U.S. 445, 456, 105 S.Ct. 2768 (1985) and Bruce, 351 F.3d at 1287) (internal quotation marks omitted).

Plaintiff fails to state how any Defendant deprived him of his minimal due process protections during his 2012 active/inactive review. Allegations that Defendant Turmezei falsely documented items in Plaintiff's central file showing that he was a member of a prison gang do not give rise to a claim for relief. Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).

In addition, only allegations concerning the May 16, 2012, event are viable. Any allegations concerning the validation which took place in 2008 were determined to be time-barred. In addition, they concern events which took place in another jurisdiction. Therefore, Defendants Covello and Smith, and all claims concerning Defendants Covello and Smith, are dismissed. To the extent Plaintiff wishes to bring a complaint concerning these Defendants, he must do so in a separate action in the Central District of California.

2.   Placement in Administrative Segregation

Although Plaintiff alleges that he was placed in administrative segregation, he does not have a freestanding right to be housed in general population and therefore, his bare allegation that he was placed in administrative segregation does not support a claim. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

While long-term cell confinement in the SHU may rise to the level of Eighth Amendment violations if the conditions are sufficiently grave, Plaintiff's complaint is devoid of any specific facts regarding these conditions and thus, no basis is presented for a finding that the conditions were sufficiently grave to trigger constitutional scrutiny. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010).

3.   Free Exercise of Religion

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he

5

sincerely believes is consistent with his faith, Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008), and RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means,'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)).  In this instance, Plaintiff's complaint sets forth no facts whatsoever in support of his claim that his rights under the Free Exercise Clause and RLUIPA are being violated.

    4.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Although Plaintiff generally alleges retaliation against him, his complaint sets forth insufficient facts to support any viable claims against the named defendants.

    5.    Heck Bar

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."

Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected).

In this case, Plaintiff alleges that his gang validation resulted in the forfeiture of behavior credits, thereby extending the time of his sentence. Pl.'s Compl. at 5. If that is the case, his due process claim is barred until such time as Plaintiff invalidates the result of the hearing.

### D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Plaintiff is further advised that the complaint cannot present claims pertaining to the 2008 and 2009 events, and Defendants Covello and Smith, which as previously noted were determined to be time-barred by the United States District Court for the Central District of California.

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 17, 2014**  /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE